Weldon, J.,
delivered the opinion of the court:
The claimant resided during the war in. Wayne County, Tenn.; and after the war he presented to the Quartermaster-General a claim for stores and supplies alleged to have been taken from him for the use of the Army of the United States.
His claim was rejected by the Quartermaster-General upon the ground that “the stores were not receipted for nor reported to this office by any officer as taken or received by him for army use.” It was referred to this court under the Bowman Act by the Committee on War Claims of the House of Representatives, and is now being considered on the preliminary question of loyalty. The testimony on file consists of proof taken before the Quartermaster-General’s agent in the year 1881, and has the form of affidavits.
The counsel for the defendants objected to the consideration of the evidence so taken, at the last session of the court, upon the ground that it appeared “that the notice required by the statute was not given.”
To meet that objection the case was remanded to the Trial Calendar, with leave to the claimant to produce evidence from the Treasury Department of notice of the taking the affidavits or depositions mentioned in the brief.
The claimant not being able to find and produce such notice, the case will have to be considered and disposed of upon the record as it stood at the time the case was remanded.
It is insisted by the counsel for the defendants, that in the *40 absence of such notice the testimony is incompetent under the decision in the case of Allen (28 C. Cls. R., 146).
In that case, the testimony excluded was taken in 1874, before the passage of the act of Congress under which the agent of the Quartermaster-General acted in 1881.
In the Allen Case no notice had been served on the claimant as to the taking of the testimony for the defendants, which, without a notice, would be void as against the claimant under the rules of law which govern the taking of testimony, and the court held in that case that it was not within the power of the claimant to waive the want of notice, and thereby make the evidence competent, for the reason that it would be unfair to the Government to give the claimant the right to elect, thereby placing it within the power of the claimant to accept such testimony as was in his favor and reject the testimony which was against him. •
The statute under which the agent took the testimony now in controversy provides:
“ Seo. 2. That the agents appointed by the Quartermaster General or his subordinates to investigate claims under the act of July fourth, eighteen hundred and sixty-four, shall give notice to the claimants whose claims it is proposed to investigate of the time and place of taking testimony, who shall have the right to cross-examine every witness who may testify in behalf of the Government; and said agents shall also take, at the same time, testimony of any and all witnesses who may be presented by the claimant. And all, both in behalf of claimants and the Government, shall be taken under the law and rules which usually govern the taking of testimony. And the reports of said agents shall be open to the inspection of the claimant or his attorney at all times, on application, subject to such regulations as the Quartermaster-General or Commissary-General may prescribe.”
The notice required by the statute is a notice to the claimant of the taking of evidence for the defendants, the purpose and object of which is to enable the claimant to cross-examine the witnesses produced by the Government, with an additional right upon the part of the claimant to have examined by the agent any and all witnesses who may be presented by the claimant. The statute, being a remedial statute, must be construed liberally to effect the purpose of its enactment.
The testimony of the witnesses in the narrative, while in the form of affidavits, does not necessarily belong to that class of *41 evidence; as the agent had the right to put it in the technical classification of deposition, by question and answer.
The evidence in this case does not come within the exclusion recognized by the decision in the Allen Case, inasmuch as that testimony was taken before and not under the act of 1881.
The object of the notice required by the statute is, as has been said, to have the claimant present, so that he may cross-examine the witnesses of the defendants, and have his own witnesses present for examination; but, if the purpose of the law is accomplished without the notice, the want of notice should not vitiate the proceeding and make the testimony incompetent. The presence of the agent, witnesses, and claimant fulfilled the requirement of the law and makes the testimony competent. Upon the consideration of the evidence the court finds L. U. Grimes loyal.